IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. _____ |
| HANK'S FURNITURE, INC., ) ) | **COMPLAINT** |
| Defendant. ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant Hank's Furniture, Inc. ("HFI") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Kaitlyn M. O'Neal ("O'Neal") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges HFI violated Title VII by refusing to accommodate O'Neal's request for a religious exemption to the company's COVID-19 vaccine mandate and, as a result, discharged her for her failure to be vaccinated.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Pensacola Division.

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, HFI has continuously been organized as an Arkansas corporation, has continuously been doing business in the State of Florida, in Escambia County, and has had at least 15 employees.

5. At all relevant times, HFI has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, O'Neal filed a charge with the Commission alleging violations of Title VII by HFI.

7. On July 31, 2023, the Commission issued a Letter of Determination to HFI finding reasonable cause to believe that Title VII was violated and inviting HFI to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 11, 2023, the Commission issued a Notice of Failure of Conciliation to HFI advising it that the Commission was unable to secure from HFI a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least July 21, 2021, HFI has engaged in unlawful employment practices in Escambia County, Florida in violation of 42 U.S.C. § 2000e-2(a)(1).

11. HFI hired O'Neal to sell furniture on or about June 25, 2020, and promoted her to Assistant Manager on or about January 28, 2021, in recognition of her high level of performance.

12. At no time prior to July 21, 2021, did HFI discipline O'Neal or informally counsel her for any performance issues.

13. On or about July 21, 2021, HFI informed O'Neal it planned to implement policies designed to encourage employees to be vaccinated against COVID-19.

14. In conjunction with the implementation of these policies, HFI announced it wanted all managers to immediately obtain the COVID-19 vaccine and asked O'Neal about her vaccination status.

15. O'Neal told HFI she had no plans to be vaccinated against COVID-19.

16. On or about August 6, 2021, O'Neal told HFI she had sincerely held religious beliefs that would not allow her to take the COVID-19 vaccine and stated she wanted a religious exemption to the vaccination requirement.

17. On or about August 9, 2021, HFI sent internet articles to O'Neal in an effort to convince her that her sincerely held religious beliefs were not scientifically accurate.

18. On or about August 19, 2021, HFI contacted O'Neal to ask whether she intended to comply with HFI's COVID-19 vaccination policy.

19. O'Neal opposed HFI's attempts to pressure her into taking the COVID-19 vaccine on August 19, 2021, explaining again that she could not violate her sincerely held religious beliefs.

20. Because HFI continued to ignore O'Neal's verbal requests for accommodation, she told HFI she planned to submit a written request for religious accommodation and asked whether HFI had a particular form she should use.

21. HFI did not respond to O'Neal's request.

22. When O'Neal complained about the unjustness of HFI's refusal to explain its procedure to request religious accommodation, her new manager and direct supervisor informed her that HFI did not care why she would not take the COVID-19 vaccine, that HFI would never grant an accommodation, and that if she did not take the vaccine, she would not remain in management.

23. On or about August 20, 2021, HFI announced all employees not vaccinated for COVID-19 by October 31, 2021 would be terminated.

24. On or about August 26, 2021, O'Neal submitted a written request for religious accommodation to HFI citing Title VII and listing her sincerely held Christian beliefs which precluded her from being vaccinated against COVID-19.

25. HFI ignored O'Neal's written request for religious accommodation.

26. Believing HFI was discriminating against her on the basis of her religion by ignoring her request for religious accommodation, O'Neal continued to respectfully confront HFI, asking it to respond to her accommodation request,

including sending an email on or about September 6, 2021, asking for the status of her written request for accommodation.

27. On or about September 14, 2021, HFI informed O'Neal she had not properly requested a religious accommodation to HFI's COVID-19 vaccine policy, that it was "severely lacking," and denying her request.

28. O'Neal asked for help to submit an acceptable religious exemption request, but, at all times, HFI refused to discuss accommodating O'Neal's sincerely held religious beliefs.

29. At all times, HFI could have accommodated O'Neal's sincerely held religious beliefs without undue hardship.

30. On or about October 31, 2021, HFI terminated O'Neal's employment due to her failure to be vaccinated against COVID-19.

31. The effect of the practices complained of in Paragraph Nos. 10 through 30 has been to deprive O'Neal of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

32. The unlawful employment practices complained of in Paragraph Nos. 10 through 30 were intentional and done with malice or reckless indifference to the federally protected rights of O'Neal.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Hank's Furniture, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to reasonably accommodate sincerely held religious beliefs, from ignoring requests for religious accommodation, from retaliating against employees who pursue religious accommodation or oppose religious discrimination and from demoting or discharging employees because of their religion.

B. Order Defendant Hank's Furniture, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with sincerely held religious beliefs that conflict with company policy, absent undue hardship.

C. Order Defendant Hank's Furniture, Inc. to make O'Neal whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial and other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant Hank's Furniture, Inc. to make O'Neal whole by providing compensation for any past and future pecuniary losses, including medical

expenses and job search expenses, if any, resulting from the unlawful employment practices described in Counts 1 and 2 above, in amounts to be determined at trial.

E. Order Defendant Hank's Furniture, Inc. to make O'Neal whole by providing compensation for any past and future nonpecuniary losses, resulting from the unlawful employment practices described in Counts 1 and 2 above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Hank's Furniture, Inc. to pay punitive damages for its malicious and reckless conduct, as described in in Counts 1 and 2 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

8

131 M Street, NE
Washington, DC 20507

_____
Marsha Lynn Rucker (PA 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045
marsha.rucker@eeoc.gov