## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    **Plaintiff,**

                                **CASE NO.: 3:23-cv-24533-MCR-HTC**

**v.**

**HANK'S FURNTURE, INC.,**

    **Defendant.**

_____/

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Hank's Furniture, Inc. (hereinafter "HFI" or "Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(e), as well as N.D. Fla. Loc. R. 7.1, moves for dismissal of Plaintiff, Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") Amended Complaint with prejudice for failure to state a cause of action for religious discrimination. In the alternative, HFI moves for a more definite statement on the following grounds:

### I. INTRODUCTION

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

On or around September 19, 2023, the EEOC filed an initial Complaint attempting to assert claims of retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e, *et seq*., and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title I"), on behalf of Kaitlyn M. O'Neal ("O'Neal"). In the initial Complaint,[1] the EEOC attempted to assert causes of action for religious discrimination and retaliation in violation of Title VII and Title I.

In response, on February 9, 2024, HFI filed a Motion to Dismiss, seeking to dismiss the initial Complaint in its entirety as a shotgun pleading, any and all claims for retaliation, and any and all claims for discrimination.[2] In the alternative, HFI also moved for a more definite statement.

On March 1, 2024, this Court entered an Order, granting HFI's Motion to Dismiss, holding the EEOC "failed to make 'a short and plain statement of the claim' as required by Rule 8. Fed. R. Civ. P. 8(a)."[3]

Shortly thereafter, Plaintiff filed an Amended Complaint on March 15, 2024, asserting a single cause of action against HFI for Failure to Accommodate Religion

---

[1] [Doc. 1].
[2] [Doc. 23].
[3] [Doc. 27].

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

in Violation of 42 U.S.C. § 2000e-2(a)(1).[4] While the Amended Complaint took corrective measures to cure certain deficiencies of the initial Complaint, a number of issues still have not been corrected that were raised in the initial Motion to Dismiss. Notably, the Amended Complaint concludes, without sufficient legal or factual support, that O'Neal was discriminated against due to her religion and was the subject of retaliation after her failure to be vaccinated against COVID-19.  As set forth further below, the EEOC cannot assert an actionable claim against HFI under any theory or analysis.

While not pertinent for this Honorable Court's determination of this Motion, the unsupported conclusions asserted by EEOC are firmly denied and wholly inconsistent with HFI's efforts to promote a workplace free from discrimination. The lack of any discriminatory or otherwise unlawful conduct on the part of HFI is best reflected by the EEOC's inability to assert allegations of ultimate facts to support the unfounded legal conclusions set forth in its Amended Complaint.  This is even more compelling, considering the breadth of information provided to the EEOC during its administrative investigation, which conclusively disproves the allegations presented in the Amended Complaint.  In other words, despite having every piece of relevant information related to this dispute – the EEOC cannot present facts

---

[4] [Doc. 28].

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

sufficient to assert a viable claim for discrimination.  HFI, for purposes of this Motion only, must accept the scant factual allegations raised by the EEOC as true. Even so, the Amended Complaint is both procedurally and substantively defective and should be dismissed with prejudice.

WHEREFORE, Defendant, Hank's Furniture, Inc., respectfully requests this Court enter an order: (1) dismissing any and all claims for discrimination with prejudice; (2) in the alternative, requiring Plaintiff provide a more definite statement; and (3) any other relief this Court deems proper.

### MEMORANDUM OF LAW

## II.   MOTION TO DISMISS STANDARD

Rule 12 (b) provides that a party may assert a lack of subject-matter jurisdiction defense and a failure to state a claim upon which relief can be granted defense by motion.[5]  A complaint should be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]  In deciding a motion to dismiss, the court must view the complaint in the light most favorable to

---

[5] Fed. R. Civ. P. 12(b)(1), (6).
[6] *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

plaintiff and must accept all well-pleaded allegations of the complaint as true.[7]

Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action.[8]  The court cannot assume that the plaintiff can prove facts that are not alleged and cannot accept legal conclusions in place of factual allegations.[9] The court is restricted to considering only the facts alleged in the complaint itself.[10]  To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief."[11]

Although an employment discrimination complaint does not need detailed factual allegations, the Plaintiff is obligated to provide the grounds of entitlement to relief by more than mere labels and conclusions. "A formulaic recitation of the elements of a cause of action will not do."[12] The pleading requirements of *Ashcroft*

---

[7] *See Hishon v. King & Spalding*, 104 S. Ct. 2229, 2232 (1984); *Quality Foods de Centra Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994 - 995 (11th Cir. 1983).

[8] *See, e.g., Quality Foods*, 711 F.2d at 995.

[9] *See Quality Foods*, 711 F.2d at 995; *Desai v. Tire Kingdom, Inc.,* 944 F. Supp. 876, 878 (M.D. Fla. 1996).

[10] *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (holding that motion to dismiss with alternative motion for summary judgment allowed court to look beyond facts alleged in complaint).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[12] *Id*. at 555 (internal citations and quotations omitted).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

*v. Iqbal*,[13] and *Bell Atlantic Corp. v. Twombly*,[14] apply to discrimination cases under Section 1981.[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16] Under Rule 8, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."[17]

Therefore, a complaint must plead "sufficient factual matter" to support a reasonable inference of discrimination.[18] Allegations that are merely "compatible with" a claim of unlawfulness do not suffice, and where the facts alleged are "more likely explained by lawful" conduct, the complaint fails.[19] Although the Court must generally assume that the allegations in the complaint are true on a motion to dismiss pursuant to Rule 12(b)(6), the Court is not required to accept the veracity of legal conclusions or factual allegations that are not "well - pleaded."[20]

## III.   ARGUMENT

### a.   **Plaintiff's Claim for Religious Discrimination Must be Dismissed**

---

[13] 556 U.S. 662 (2009).

[14] 550 U.S. 544 (2007).

[15] *See, e.g., Hopkins v. Saint Lucie Cnty. School Board*, 399 F. App'x 563, 564 (11th Cir. 2010).

[16] *Iqbal*, 556 U.S. at 662.

[17] *Twombly*, 550 U.S. at 555.

[18] *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

[19] *Twombly*, 550 U.S. at 680.

[20] *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

Despite the arguments raised in the initial Motion to Dismiss, Plaintiff failed to correct the issues raised and the Amended Complaint properly should be dismissed as well.

The sole count against HFI is a claim for discrimination under a failure to accommodate theory.

> To establish a *prima facie* case of religious discrimination based on a failure to accommodate religious beliefs, a plaintiff must present sufficient evidence to prove: (1) he had a bona fide religious belief that conflicted with an employment requirement; (2) he informed his employer of his belief; and (3) he was disciplined for failing to comply with the conflicting employment requirement.[21]

A plaintiff need not establish a *prima facie* case to survive a motion to dismiss, but the complaint's well-pleaded factual allegations must plausibly suggest that the plaintiff suffered an adverse employment action due to intentional discrimination.[22] If Plaintiff can establish a *prima facie* case, the burden shifts to HFI to show either they made a good faith effort to reasonably accommodate the religious belief, or

---

[21] *Dixon v. Palm Beach Cnty. Parks & Recreation Dep't,* 343 F. App'x 500, 502 **(**11th Cir. 2009).

[22] *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir. 2015); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *but see*, *e.g.*, *Bowers v. Bd. of Regents of Univ. System of Ga.*, 509 F. App'x 906 (Table), 2013 WL 563180, 910-912 (11th Cir. 2013) (while noting that a *prima facie* case is not required at the motion to dismiss stage, considering the elements of a *prima facie* case in determining whether claim was plausible).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

such an accommodation would work an undue hardship upon the employer and its business.[23] To meet the standards of *Twombly* and *Iqbal*, a plaintiff must plead facts that either support a *prima facie* case under Section 1981 or Title VII or otherwise create a plausible inference of intentional discrimination.[24] In its present formulation, Count I of the Amended Complaint alleges the following:

- HFI encouraged employees to be vaccinated in accordance with its COVID-19 policy and asked O'Neal about her vaccination status;[25]
- O'Neal told HFI she had sincerely held religious beliefs that would not allow her to take the vaccine, including using products that were developed using fetal cell lines from aborted fetuses.[26]
- When HFI ignored O'Neal's verbal requests, Plaintiff planned to submit a written request for religious accommodation and asked HFI whether they had a particular form to use, which request HFI ignored;[27]
- O'Neal was told that HFI did not care why she would not take the vaccine, that an accommodation would not be granted, and if she refused the vaccine she would not be in management;[28]
- Around August 20, 2021, HFI announced all employees not vaccinated by October 31, 2021 would be terminated and O'Neal submitted a religious exemption request on August 26, 2021, listing her sincerely held Christian beliefs precluding her from the vaccine;[29]
- HFI ignored this request, informed O'Neal that her request in writing was "severely lacking," and terminated her employment on October 31, 2021 due to her failure to be vaccinated.[30]

---

[23] *Groff v. DeJoy*, 600 U.S. 447, 457 (2023).

[24] *Johnson v. Infirmary Health Systems, Inc.*, 2013 WL 6062587, at *3 (S.D. Ala. Nov. 18, 2013) (collecting cases).

[25] Plaintiff's Amended Complaint, ¶¶ 15-16.

[26] *Id*. at ¶¶ 17-19.

[27] *Id*. at ¶¶ 24-25.

[28] *Id*. at ¶ 26.

[29] *Id*. at ¶¶ 27-28.

[30] *Id*. at ¶¶ 29-36.

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

However, the Amended Complaint is still devoid of sufficient specific allegations linking each of those personnel decisions to O'Neal's religion. As set forth below, HFI has met their burden as a matter of law and the Amended Complaint should be dismissed and/or require Plaintiff provide a more definite statement.

i.   With Respect to the Vaccine, O'Neal's Objection is not Based on a Sincerely Held Religious Belief

It is insufficient for O'Neal to merely hold a sincere opposition to COVID-19 vaccines to state a claim for religious discrimination. Rather, Plaintiff must show that O'Neal's opposition is a sincerely held religious belief.[31] As discussed above, the Amended Complaint fails to get into sufficient specifics at all as to how O'Neal's religion precluded her from being vaccinated other than stating she had sincerely held religious beliefs that would not allow her to take the vaccine, including using products that were developed using fetal cell lines from aborted fetuses.[32] Courts across the nation have held more is required than simply stating that O'Neal held religious beliefs on this matter:

While the Court acknowledges 'that a determination of whether... beliefs are

---

[31] *See Brown v. Children's Hosp. of Phila.,* 794 Fed. Appx. 226,227 (3d Cir. 2020) ("[i]n assessing whether beliefs are religious, we consider whether they address fundamental and ultimate questions having to do with deep and imponderable matters, are comprehensive in nature, and are accompanied by certain formal and external signs.") (internal quotations omitted).
[32] Amended Complaint ¶¶'s 17-19.

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

religious and entitled to constitutional protection presents a most delicate question,' it must 'at the same time ... recognize that the very concept of ordered liberty precludes allowing [the plaintiff], or any other person, a blanket privilege to make his own standards on matters of conduct in which society as a whole has important interests.'[33]

Vague inferences that perceived medical harm somehow violates religious practices are also insufficient.[34] Further,  on October 25, 2021 (prior to O'Neal's termination), the EEOC (also the federal agency charged with interpreting and enforcing anti-discrimination laws) published guidance to clarify religious exemptions from COVID-19 vaccine mandates.[35] Specifically, this guidance stated the following:

> Employees and applicants must inform their employers if they seek an exception to an employer's COVID-19 vaccine requirement due to a *sincerely held religious belief*, practice, or observance.
>
> Title VII requires employers to consider requests for religious accommodations *but does not protect social, political, or economic views, or personal preferences of employees who seek exceptions to a COVID-19 vaccination requirement*.
>
> Employers that demonstrate "undue hardship" are not required to

---

[33] *Fallon v. Mercy Catholic Medical Center*, 200 F.Supp.3d 553, 560-561; 559 (E.D. Pa. 2016) (internal citations omitted).

[34] *See Geerlings v. Tredyffrin/Easttown Sch. Dist.*, 2021 WL 4399672 at *20-21, (E.D. Pa. Sept. 27, 2021) ("it would be a step too far to count everything [a plaintiff] believes about heathy living as a religious practice".)

[35] U.S. Equal Employment Opportunity Commission, *EEOC Issues Updated COVID-19 Technical Assistance*, https://www.eeoc.gov/newsroom/eeoc-issues-updated-covid-19-technical-assistance-0 (last accessed March 27, 2024).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

accommodate an employee's request for a religious accommodation.[36]

As discussed above, the Amended Complaint asserts O'Neal objected to testing because of her "Christian beliefs," without providing any further details other than her objection to the vaccine using "fetal cell lines from aborted fetuses."[37] Without more details into her reasoning for the exemption, the Amended Complaint must fail.

Courts throughout the Eleventh Circuit and the nation have repeatedly found

---

[36] *Id*. (emphasis added).
[37] Amended Complaint ¶¶ 17-18.

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

that vaccination against COVID-19 is a proper condition of employment.[38] Thus, "[t]he termination of [employees] who failed to comply with the COVID-19 vaccination condition of employment is not disciplinary. Rather, [p]laintiffs' separation is [be]cause of their failure to avail themselves of existing processes or comply with a lawful job condition."[39] Given this authority, any claim to the contrary cannot stand. Thus, Plaintiff's allegations surrounding O'Neal's sincerely held

---

[38] *Cala v. Moorings Park Cmty. Health, Inc.,* 2:22-CV-635-JES-NPM, 2022 WL 17405581, at *5 (M.D. Fla. Dec. 2, 2022) (plaintiff's allegations that she was terminated because she refused to take the COVID-19 vaccination based on her sincerely held religious beliefs was not "beyond all possible bounds of decency."), *on reconsideration*, 2:22-CV-635-JES-KCD, 2023 WL 1102646 (M.D. Fla. Jan. 30, 2023); *Kane v. de Blasio*, 623 F. Supp. 3d 339, 362 (S.D.N.Y. 2022) (granting motion to dismiss and upholding COVID vaccine mandate against religious-discrimination challenge based on undue hardship, as "Plaintiffs' inability to teach their students safely in person presents more than a de minimis cost."); *Finkbeiner v. Geisinger Clinic*, 2022 WL 3702004 at *7 (M.D. Penn. Aug. 26, 2022) (dismissing Plaintiff's religious discrimination claim with prejudice surrounding the COVID-19 vaccination requirement because the plaintiff's beliefs about testing are medical, not religious, and therefore could not support a religious discrimination claim); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (holding vaccination was a condition of employment for healthcare workers); *Garland v. New York City Fire Dep't*, 574 F. Supp. 3d 120, 129 (E.D.N.Y. 2021) (concluding that vaccination was a condition of employment under a Health Commissioner Order applicable to City employees); *Broecker v. New York Dept. of Educ.*, 585 F.Supp.3d 299, 314–15 (E.D.N.Y. Feb. 11, 2022) (holding vaccination was a condition of employment for NYC DOE employees); *O'Reilly v. The Bd. of Educ. of the City School Dist. of the City of New York*, 2022 WL 180957, at *3 (N.Y. Sup. Ct., N.Y. Cty. Jan. 20, 2022) (same).

[39] *Broecker*, 585 F.Supp.3d at 318.

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

religious beliefs on the vaccine status must fail or at the very least require Plaintiff to provide even further details into O'Neal's religious beliefs. Without more, Plaintiff fails to state a cause of action.

ii. Providing an Exemption to HFI's Vaccine Requirement Presents an Undue Hardship to HFI as a Matter of Law

As raised in HFI's initial Motion to Dismiss, it is not discriminatory to require employees to comply with conditions like vaccines, testing, unpaid leave, use of badges, use of PPE, or social distancing. Here, permitting exemptions from the vaccine would pose an undue hardship on HFI as a matter of law. The threshold of undue hardship is not high - an accommodation constitutes an "undue hardship" if the hardship would be substantial in the context of an employer's business in the common-sense manner that it would use in applying any such test.[40] In addition, "employers must be given leeway to plan their business operations and possible accommodative options in advance, relying on an accommodation's predictable consequences along the way."[41]

For example, in *Egelkrout v. Aspirus, Inc.,* the court dismissed a Title VII religious discrimination claim, rejecting the plaintiff's view that testing was an

---

[40] *Groff,* 600 U.S. at 471.
[41] *Miller v. Port Auth. of N.Y. & N.J.,* 351 F. Supp. 3d 762, 789 (D. N.J. 2018).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

unreasonable accommodation to COVID-19 vaccination.[42] The court reasoned that "[a]n employee is not entitled to the accommodation of her choice, just a reasonable one."[43] And in *Anderson v. United Airlines, Inc.,* the court held that the plaintiff failed to show a substantial likelihood of success on his Title VII religious discrimination claim challenging a COVID-19 vaccination program, where he argued that placing "unvaccinated employees on unpaid leave" was retaliatory, and notwithstanding that the defendant had considered requiring employees to wear "vaccine identification badges."[44] Just like in *Egelkrout* and *Anderson*, Plaintiff does not sufficiently allege that any of the requirements here conflicted with O'Neal's sincerely held religious beliefs; nor do the alleged requirements constitute

---

[42] 22-CV-118-BBC, 2022 WL 2833961, at *3-4 (W.D. Wis. July 20, 2022).

[43] *Id.* at *3.

[44] 577 F. Supp. 3d 1324, 1327, 1329, 1333 (M.D. Fla. 2021); *see also Breshears v. Or. Dep't of Transp.,* No. 22-1015, 2023 WL 136550, at *4 (D. Or. Jan. 9, 2023) (dismissing Title VII claim because employer's offered accommodation of masking "eliminated the conflict between [its] vaccine requirement and [plaintiff's] religious beliefs," notwithstanding plaintiff's opposition to masking on non-religious grounds); *Creger v. United Launch Alliance LLC*, 571 F. Supp. 3d 1256, 1264 (N.D. Ala. 2021) (rejecting plaintiffs' argument that defendant could have accommodated them from COVID-19 vaccine mandate with remote work, masks, or testing, because "[u]nder Title VII ... an employer need not give an employee a choice among several accommodations, nor is the employer required to provide an employee with the employee's preferred accommodation or show undue hardship resulting from alternative accommodations proposed by the employee").

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

discrimination.[45]

There is little doubt that this was a safety concern for HFI that would produce an undue hardship on HFI's business in sales. "[S]afety considerations are highly relevant in determining whether a proposed accommodation would produce an undue hardship on the employer's business. Title VII does not require that safety be subordinated to the religious beliefs of an employee."[46] "A religious accommodation that creates a genuine safety or security risk can undoubtedly constitute an undue hardship" for the employer.[47] Plaintiff's religion claim is premised on O'Neal's belief that she should have been exempted from HFI's vaccine requirement. Doing so, of course, would have put O'Neal's co-workers at risk of contracting COVID-19. Such an accommodation would be unreasonable as a matter of law.[48]

---

[45] *Boone v. Ill. Dep't of Corrs.,* No. 21-3229, 2022 WL 17083394, at *5 (C.D. Ill. Nov. 18, 2022) (denying plaintiffs' motion for TRO because they "fail[ed] to identify any religious tenet which is offended by" testing alternative to COVID-19 vaccination requirement) (overturned on other grounds).

[46] *Equal Employment Opportunity Comm'n v. Jetstream Ground Servs., Inc.,* 134 F. Supp.3d 1298, 1334 (D. Colo. 2015) (quoting *Draper v. U.S. Pipe & Foundry Co.,* 527 F.2d 515, 521 (6th Cir. 1975)).

[47] *Henry v. Little,* No. 5:21-CV-12171, 2022 WL 4372965, at *6 (E.D. Mich. Mar. 29, 2022 (citing *E.E.O.C. v. GEO Grp., Inc.,* 616 F.3d 265, 273 (3rd Cir. 2010)), *R&R adopted,* 2022 WL 4369953 (E.D. Mich. Sept. 21, 2022).

[48] *See Zinman v. Nova Se. Univ.,* No. 21-CIV-60723-RAR, 2021 WL 1945831, at *4 (S.D. Fla. May 14, 2021) (rejecting religious discrimination claim challenging mask mandates and noting that plaintiff's desire not to wear "a mask does not outweigh

15

COLE, SCOTT & KISSANE, P.A.

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

Here, other than either not being vaccinated, or requiring less from O'Neal to meet the requirements for a religious exemption request, Plaintiff has not articulated any other accommodation(s) it claims O'Neal requested. For these reasons, without having more details in the Amended Complaint as to O'Neal's sincerely held beliefs or reasons why this is not just a "personal preference" for O'Neal imposes an "undue hardship" and safety concern on HFI. A complaint is insufficient "when it suggests that an [adverse employment] action was taken" for a reason unrelated to discrimination.[49] That is the only rational conclusion to be drawn here. Against this backdrop, it is clear that the Amended Complaint fails.

        iii.   <u>Inquiring into O'Neal's Sincerely Held Religious Belief is Lawful</u>

An employer's inquiry into whether a belief is religious in nature is lawful, as an employer otherwise would not be able to determine whether there is a sincerely held religious belief to accommodate:

> The EEOC's own publications acknowledge that some inquiry into the sincerity of an employee's belief as well as into the religious nature of the belief is appropriate. Indeed, if the rule were otherwise, an employer would have to grant an accommodation any time an employee requested one, even if

---

the harm of undermining Nova and South Florida Stadium's efforts to protect the health and safety of university students, faculty, and the families who are attending the graduation").

[49] *Fulton v. Richardson*, No. 2:18CV623-MHT-GMB, 2019 WL 1245810, at *3 (M.D. Ala. Jan. 31, 2019) (citing *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1301 (11th Cir. 2010)), *R&R adopted*, 2019 WL 1245782 (M.D. Ala. Mar. 18, 2019).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

there were not a sincerely-held religious belief but instead only a purely personal or stylistic preference. And, it cannot be said that "research" regarding a religious practice amounts per se to impermissible questioning of the "validity" of a religion rather than of the sincerity of the person holding the religious belief or of the religious nature of the belief.... [A]s a matter of common sense an employer must be permitted some inquiry into the purported beliefs of an employee before the duty to accommodate arises.[50]

Thus, the allegations by Plaintiff that HFI requested that O'Neal submit additional information explaining her religious beliefs and informing her that her accommodation request was "severely lacking" cannot be the basis of a claim.[51]

## CERTIFICATE AS TO FONT AND WORD COUNT

The undersigned certifies that there are **3,805** words in this Memorandum and that it is typed in 14-point font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant Hank's Furniture, Inc.*
> 890 South Palafox Street, Suite 200
> Pensacola, Florida 32502

---

[50] *E.E.O.C v. Papin Enters., Inc.,* No. 07-1548, 2009 WL 2256023, at *4 & n.ll (M.D. Fla. July 28, 2009).
[51] Amended Complaint ¶ 31.

17

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

Telephone (850) 483-5930
Facsimile (850) 438-6969
Primary e-mail: barry.postman@csklegal.com
Primary e-mail: michael.kelly@csklegal.com
Primary e-mail: kayla.ryan@csklegal.com
Secondary e-mail: zaray.avino@csklegal.com


By:   s/ *Michael B. Kelly*
       MICHAEL B. KELLY
       Florida Bar No.:  115345
       BARRY A. POSTMAN
       Florida Bar No.:  991856
       KAYLA N. RYAN
       Florida Bar No.:  1047675

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX