# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:23-cv-24533-MCR-HTC |
| HANK'S FURNITURE, INC., ) | |
| ) | |
| Defendant. ) | |

## EEOC'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), pursuant to Local Rule 7.1(E), submits its Memorandum in Opposition to Defendant Hank's Furniture, Inc.'s ("HFI") Motion to Dismiss and/or Motion for a More Definite Statement (Doc. 30). The Amended Complaint (Doc. 28) satisfies Federal Rules of Civil Procedure, Rules 8 and 12 as it contains sufficient factual allegations for each element of the EEOC's claim that HFI failed to accommodate employee Kaitlyn O'Neal's ("O'Neal") sincerely held religious beliefs, and HFI's motion should be denied.

**I.   BACKGROUND**

The EEOC sued HFI for failing to accommodate employee O'Neal's sincerely

held religious beliefs. In July 2021, HFI, a furniture store, contacted managers about immediately receiving a COVID-19 vaccine and then announced in August 2021, it would require all employees to receive a COVID-19 vaccine. (Doc. 28, ¶¶ 16, 27). O'Neal informed HFI both orally and in writing that this vaccine mandate conflicted with her sincere religious beliefs. (*Id.* at ¶¶ 17, 18, 19, 20, 23, 24, 26, 28, 30). Instead of engaging in an interactive discussion regarding possible accommodations, HFI pressured O'Neal to comply, demoted her, reduced her access to sales commissions, and ultimately fired her. (*Id.* at ¶¶ 21, 22, 26, 27, 29, 32, 34, 35, 36).

## II. PROCEDURAL HISTORY

This lawsuit arises from O'Neal's Charge of Discrimination filed with the EEOC. Following its administrative process, the Commission filed suit against HFI on September 19, 2023. HFI filed a motion to dismiss on February 9, 2024. The Court granted HFI's motion on a narrow basis directing the Commission to amend its single claim complaint to remove inadvertent references to "Counts 1 and 2 above" in the Prayer for Relief. (Doc. 27). Plaintiff filed an amended complaint March 15, 2024, which complied with the Court's Order. (Doc. 28). HFI responded with the present motion to dismiss on March 28, 2024, reasserting most of the arguments from its first motion to dismiss.

## III. LEGAL STANDARD

In the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim,

2

courts should construe the complaint broadly and view the complaint allegations in the light most favorable to the plaintiff. *Watts v. Florida International University*, 495 F.3d 1289, 1295 (11th Cir. 2007). To defeat HFI's motion to dismiss the EEOC's Title VII failure to accommodate religion claim, the EEOC need only plead that O'Neal notified HFI of a sincerely held religious belief that conflicted with an employer requirement and HFI took action against O'Neal due to her inability to comply. *See Bailey v. Metro Ambulance Servs.,* 992 F.3d 1265, 1275 (11th Cir. 2021). The Amended Complaint contains sufficient facts for the Court to plausibly infer existence of each element of the claim. *See Watts*, 495 F.3d at 1295-96 (complaint is sufficient if it identifies facts, taken as true, that provide plausible grounds to infer that discovery will reveal evidence of each necessary element).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8, facts are sufficient if they show the plausibility of defendant's liability. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009*); Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Rule 8 notice pleading relies on liberal discovery rules and summary judgment motions to define issues and eliminate unmeritorious claims. *Thomas v. Kamtek,*

3

*Inc.,* 143 F. Supp. 3d 1179, 1187 (N.D. Ala. 2015).

Fed. R. Civ. P. Rule 12(e) only permits a party to request a more definite statement of a pleading so vague or ambiguous the party cannot reasonably prepare a response.

The only issue the Court must decide at this motion to dismiss stage is whether the Amended Complaint gives fair notice of the EEOC's religious discrimination claim and the grounds upon which it rests. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

**IV.  HFI'S MOTION SHOULD BE DENIED.**

    **A.  The Amended Complaint surpasses the Eleventh Circuit's notice pleading requirement for a sincere religious belief.**

HFI contends the Amended Complaint lacks sufficient facts to establish that O'Neal's request for an exemption from its vaccination mandate arose from a sincerely held religious belief. (*See* Doc. 30, pp. 9-13). This argument lacks merit.

The Eleventh Circuit confirmed in *Watts* that a complaint need only state an individual's religious beliefs to adequately plead that that those beliefs are sincerely held. In *Watts*, a student-employee enrolled in a practicum necessary to obtain his Master of Social Work degree alleged that his university violated his constitutional right to the free exercise of religion when it terminated him for advising a Catholic patient who required bereavement support that she might find such support within a church (among other possible options). *See* 495 F.3d at 1292. Like the EEOC, the

4

*Watts* plaintiff needed to plead a "sincerely held religious belief" to support his claim. *See id.* at 1294. The plaintiff met that burden by pleading as follows:

> Mr. Watts is a Christian. He is not Catholic. Mr. Watts' religious beliefs include the belief that a patient who professes a religion is entitled to be informed if the counselor is aware of a religious avenue within the patient's religion that will meet the appropriate therapy protocol for the patient. Mr. Watts' termination for his "religious speech" evidences Defendants' intent to compel Mr. Watts to act contrary to his religious beliefs and constitutes a substantial burden on the exercise of his religious beliefs.

*Id.* at 1296.

Reversing the district court's Rule 12(b)(6) dismissal, the Eleventh Circuit confirmed that the quoted allegations met the plaintiff's burden to allege facts sufficient "to suggest, raise a reasonable expectation of, and render plausible the fact that he sincerely held the religious belief that got him fired." *Id.* at 1296. As the court further explained, "One way [to plead sufficient facts] is to state that the belief is, in fact, [the individual's] religious belief." *Id.* The plaintiff met that burden through the allegations quoted above, and "[t]hat is all that is required at [the motion to dismiss] stage of the litigation." *Id.*

The Amended Complaint goes far beyond the level of factual detail deemed sufficient to defeat a motion to dismiss in *Watts*. The Amended Complaint alleges that "O'Neal is an Evangelical Christian." (Doc. 30, ¶ 11). It avers that "O'Neal told HFI she did not intend to be vaccinated against COVID-19 due to her sincerely held religious beliefs as an Evangelical Christian" and that "[a]s an Evangelical Christian

5

who believes God sanctifies all life, O'Neal abstains from using products developed using fetal cell lines from aborted fetuses." (*Id.* at 4, ¶¶ 17-18). The EEOC pled that "O'Neal sincerely believes that COVID-19 vaccine manufacturers developed their products using fetal cell lines obtained from aborted fetuses" and that "[a]s an Evangelical Christian, O'Neal sincerely believes her body is the temple of the Holy Spirit and that taking products manufactured using aborted fetal cell lines into her body would defile it and would defile the bodies of her future children." (*Id.* at 4-5, ¶¶ 18-19).

The Amended Complaint also provides specific examples of multiple instances when O'Neal told HFI that her sincerely held belief conflicted with HFI's COVID-19 vaccine policy and requested a religious exemption, including a written request that "quot[ed] multiple Bible verses and list[ed] her sincerely held Evangelical Christian beliefs based on the sanctity of life and body which precluded her from being vaccinated against COVID-19." (*Id.* at ¶¶ 20-26, 28, 32). Finally, the Commission alleges that "HFI terminated O'Neal's employment due to her failure to be vaccinated against COVID-19 in contravention of her sincerely held religious beliefs." (*Id.* at ¶ 36). "Sincerity" and "religious beliefs" are subjective by nature. The subjectivity of the sincerity of a religious belief question allows the Amended Complaint to survive a motion to dismiss simply by avowing that the given belief is

6

sincere.[1] *Watts*, 495 F.3d at 1302.

The Amended Complaint allegations, taken as true and construed in the light most favorable to the Commission, as they must be at the motion to dismiss stage, suggest and render plausible that O'Neal's religion included the sincere belief that taking a COVID-19 vaccine, developed with cell lines from aborted fetuses, would defile both O'Neal herself and her future children and that this sincere belief prompted her request for accommodation. Therefore, HFI's Rule 12(b)(6) motion must fail. *See id.* at 1296.

### B. The EEOC pled a cognizable claim for religious discrimination under Title VII.

The Amended Complaint clearly, succinctly, and unambiguously notifies HFI that the EEOC alleges that HFI violated Title VII by refusing to accommodate O'Neal's request for a religious exemption to the company's COVID-19 vaccine mandate and, discharged her for failure to be vaccinated. (Doc. 28, p. 1). The

---

[1] In footnotes 31, 33, and 34, HFI relies upon out of context portions of cases from outside this Circuit to support its contrary argument. In *Brown v. Children's Hosp. of Phila.*, 794 F. App'x 226 (3d Cir. 2020), the court held that the plaintiff's holistic health lifestyle and practices were not based in religion. *Fallon v. Mercy Catholic Med. Ctr.*, 200 F. Supp. 3d 553, 556 (E.D. Pa. 2016) involved plaintiff's assertions he sought exemptions to the flu vaccine based on strong moral or ethical convictions and beliefs that the federal government had been defrauded in the development of the vaccine. The court determined these beliefs were not religious in nature. In *Geerlings v. Tredyffrin/Easttown Sch. Dist.*, No. 21-cv-4024, 2021 U.S. Dist. LEXIS 183966 (E.D. Pa. Sep. 27, 2021), the court determined that a parent's health-based objections to a school mask mandate did not rise to the level of a religious belief.

Amended Complaint pleads enough factual matter, taken as true, to "suggest" each element of the EEOC's religious discrimination claim.[2] *See Watts*, 495 F.3d at 1295-96 (complaint only need include enough factual matter, taken as true, to "suggest" each element of the claim). Pled facts need only be suggestive enough to render each element plausible. *Id.* at 1295-96. Plausibility is not probability. *Iqbal*, 556 U.S. at 678. A facially plausible claim alleges facts that permit the court to reasonably infer the unlawfulness of the defendant's alleged misconduct. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).

Contrary to the assertions in HFI's motion, the Amended Complaint is not devoid of sufficient specific allegations nor must it plead facts that support a prima facie case of intentional discrimination.[3] (*Id.* at p. 8). The Amended Complaint need

---

[2] Should the Court desire further factual development of the EEOC's Amended Complaint allegations, amendment, not dismissal is the appropriate remedy. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

[3] HFI erroneously cites *Johnson v Infirmary Health Sys.,* No. 13-0431, 2013 U.S. Dist. LEXIS 163410 (S.D. Ala. Nov. 18, 2013). The *Johnson* court specifically states that a complaint in an employment discrimination case need not contain specific facts establishing a prima facie case. *Id*. at 10-11. HFI likewise relies upon other cases for mistaken legal propositions to support its arguments. For example, HFI changes "must simply allege facts that give rise to a reasonable inference that the defendant discriminated or retaliated against the plaintiff" to "create a plausible inference of <u>intentional</u> discrimination" in *Carter v. Hartford Fire Ins. Co.*, 2012 U.S. Dist. LEXIS 148630, (N.D. Ga. Sept. 17, 2012). "Intentional" never appears as a necessary modifier of discrimination anywhere in the collection of cases cited by HFI in footnote 24. One of HFI's footnote 22 case citations substitutes "intentional" for the original "invidious." *See Bowers v. Bd. of Regents of the Univ. Sys. of Ga.,* 509 F. App'x 906, 910-11 (11th Cir. 2013). The *Bowers* court found that pro se

8

only allege enough facts to suggest, raise a reasonable expectation of, and render plausible the fact that O'Neal sincerely held the religious beliefs that got her demoted and fired. *See Watts*, 495 F.3d at 1296. The Amended Complaint more than meets the Eleventh Circuit's requirements under Rule 8.

A religious discrimination claim based on an employer's failure to accommodate has three requirements: (1) a sincere religious belief conflicted with an employment requirement; (2) an adverse employment action against the employee because of her inability to comply with the employment requirement or because of the employer's perceived need for her reasonable accommodation; and (3) the employee's notice to her employer about the need for an accommodation. *Dixon v. Hallmark Cos*., 627 F.3d 849, 855 (11th Cir. 2010). The Amended

---

plaintiff's claim that inclusion of math GPAs into medical school admission standards discriminates intentionally against men failed to nudge his invidious discrimination claims across the line from conceivable to plausible. Bowers' complaint failed because while it is conceivable that undergraduate math class grades are typically lower than grades in other classes and men are more like to take math classes than women, it is also conceivable that the sort of men who take math classes are high achievers likely to score well. The other case cited in footnote 22 held that a complaint alleging that a doctor's note indicating plaintiff could not return to work until further notice provided to her employer following a doctor visit for unknown health issues did not sufficiently put the defendant on notice that Plaintiff suffered from a disability that substantially limited a major life activity. *See Surtain v. Hamlin Terrace Found*., 789 F.3d 1239, 1246-47 (11th Cir. 2015). Neither *Bowers* nor *Surtain* provide support for HFI's allegation that the EEOC's Amended Complaint lacks sufficient specific allegations to support a religious discrimination claim and HFI fails to develop any fact-based argument to support its reference to these cases.

Complaint contains factual allegations that support each element of the claim.

> 1. **The Amended Complaint pleads facts to plausibly suggest O'Neal notified HFI that she had a sincerely held religious belief that conflicted with HFI's vaccine mandate.**

The Amended Complaint notes O'Neal is an Evangelical Christian who sincerely believes God sanctifies all life, requiring that she abstain from using products developed with fetal cell lines from aborted fetuses, including all COVID-19 vaccines. (Doc. 28, ¶ 18). The Amended Complaint likewise states O'Neal sincerely believes her body is the temple of the Holy Spirit and injecting materials developed from aborted fetal cell lines would defile it and as well as the bodies of her future children. (*Id.* at ¶ 19). The Amended Complaint lists multiple occasions when O'Neal told HFI that its COVID-19 vaccine mandate conflicted with her sincerely held religious beliefs. (*Id.* at ¶¶ 17, 20, 23, 26, 28, 30, 32).

The Complaint sets out short factual statements describing O'Neal's sincere religious beliefs which prevented her from complying with HFI's COVID-19 vaccine mandate and her efforts to notify HFI about the conflict. These factual statements effectively suggest the first and third elements of the Commission's failure to accommodate claim. *See Dixon,* 627 F.3d at 855.

> 2. **The Amended Complaint describes adverse employment actions O'Neal faced because of her inability to comply with HFI's employment requirement.**

The Amended Complaint provides sufficient factual allegations, taken as true,

to suggest HFI subjected O'Neal to adverse employment actions due to her religion. Specifically, the EEOC has alleged that HFI (1) demoted O'Neal due to her failure to be vaccinated; (2) refused to provide O'Neal with her normal and customary share of open tickets, and (3) terminated her employment due to her failure to comply with the vaccine mandate. (Doc. 28, ¶¶ 34-36). These factual allegations effectively suggest the remaining element of the Commission's failure to accommodate claim and provide sufficient information for the Court to infer HFI terminated O'Neal due to her inability to comply with an employer requirement on the basis of religion. *See Dixon*, 627 F.3d at 855.

C. **The Court should disregard HFI's arguments that go beyond the allegations of the Amended Complaint.**

1. **HFI's denial of the allegations that it failed to interact with O'Neal about accommodating her religious beliefs is not appropriate for Rule 12(b) consideration.**

In advancing several arguments for dismissal, HFI <u>disputes</u> allegations in the Amended Complaint and offers additional assertions of fact regarding its efforts to accommodate O'Neal. (Doc. 30, pp. 13-14). However, assessing the credibility of HFI's contrary factual assertions goes beyond the evaluation pertinent to a motion to dismiss. Facts pled in a complaint are taken as true at the Rule 12(b) motion to dismiss stage. *See Watts*, 495 F.3d at 1296.

2. **HFI's contention that exempting O'Neal from its vaccination mandate imposed an undue hardship, which the EEOC disputes, is an affirmative defense that may not be properly**

11

**resolved at this stage.**

The Amended Complaint asserts HFI could have accommodated O'Neal without undue hardship. (Doc. 28, ¶ 33). Yet HFI urges the Court to prematurely find that granting religious accommodations to a COVID-19 mandate would be an undue hardship as a matter of law. (Doc. 30, pp. 10-11, 13-16). Undue hardship is an affirmative defense and requires the court to weigh facts and determine credibility. *See Bailey*, 992 F.3d at 1275 (Once a plaintiff makes out a prima facie case, the burden shifts to the employer to show that it either offered a reasonable accommodation or that it cannot reasonably accommodate the employee's religious practice without undue hardship on its business.).

In *Groff v. DeJoy*, 600 U.S. 447 (2023), the Supreme Court noted several factual issues implicit in determining undue burden.[4] These include impacts on coworkers that affect the conduct of the business, whether an employer considered options for accommodating an employee's religious beliefs, administrative and other costs in light of the company's resources, etc. *See id.* at 473 (noting undue burden is a context-specific standard requiring factual development.). Resolving context specific questions of fact go beyond a Fed. R. Civ. P. 12(b) motion.

---

[4] In claiming the threshold of undue hardship is not high, HFI misconstrues *Groff*. The U.S. Supreme Court clarified "undue hardship" as requiring the costs of the burden, privation, or adversity to rise to the level of excessive or unjustifiable. *Groff* at 468. HFI bolsters its argument with invalid, pre-Groff case law. *See Miller v. Port Auth. of N.Y. & N.J.*, 351 F. Supp. 3d 762, 777-78 (D.N.J. 2018).

Despite HFI's contention to the contrary, even an alleged safety concern requires factual analysis prior to a finding of undue burden.[5] A careful reading of the cases cited by HFI makes this clear. *See EEOC v. JetStream Ground Servs.*, 134 F. Supp. 3d 1298, 1334 (D. Colo. 2015) ("Within the context of examining the particular facts of a case, safety considerations are highly relevant. . ."); *Henry v. Little*, No. 5:21-cv-12171, 2022 U.S. Dist. LEXIS 170721, at 15 (E.D. Mich. Mar. 29, 2022) ("To meet his burden of substantial likelihood of success warranting preliminary injunction, Plaintiff must address the Defendant's claim that refusing to wear a mask constitutes a safety risk.") Weighing facts and examining evidence to determine issues of undue hardship are not proper matters for court consideration in the context of a Rule 12(b)(6) motion to dismiss.

### 3. HFI's assertion that COVID-19 vaccination is a proper condition of employment and thus not discriminatory has no basis in law.

Before engaging in any discovery whatsoever, HFI asks the court to "rubber stamp" HFI's assertion it took adverse employment actions against O'Neal for non-

---

[5] *Zinman v. Nova Se. Univ.*, No. 21-CIV-60723-RAR, 2021 U.S. Dist. LEXIS 92180 (S.D. Fla. May 14, 2021) simply has no application to the present case. The *Zinman* court found no right of religious accommodation in Title VI, which applies to public accommodations. Plaintiff sought a preliminary injunction enjoining a mask mandate. The court further determined enjoining entities hosting large events from taking measures to slow the spread of COVID-19 does not serve the public interest of protecting human life and health in the face of a global and unpredictable pandemic.

discriminatory reasons because "vaccination against COVID-19 is a proper condition of employment." (Doc. 30, pp. 11-13). In support of this contention, HFI relies upon numerous cases from outside this Circuit that involve starkly different factual scenarios and procedural issues.[6] Not only does HFI invite the Court to

---

[6] Title VII fails to carve out a religious discrimination exception for the COVID-19 vaccine as HFI argues. (Doc. 30, p. 12). HFI supports its novel argument with a list of irrelevant, mostly New York City based decisions, examining the applicability of various state laws and Constitutional provisions on predominately government COVID-19 vaccine mandates in footnote 38. For example, in *Kane v. de Blasio*, 623 F. Supp. 3d 339, 362 (S.D.N.Y. 2022), the court determined the City of New York's COVID-19 vaccine mandate provided for religious exemptions as required by Title VII and did not single out minority religious viewpoints for regulation. Applying rational basis scrutiny, the Court denied Plaintiffs' (a class of educators) requests for preliminary injunction. In *Finkbeiner v. Geisinger Clinic*, 2022 WL 3702004, a plaintiff, who failed to file a timely brief in opposition to Defendant's motion, could not support a failure to accommodate religion claim because her healthcare employer conditionally granted a religious accommodation to its COVID-19 vaccine mandate - weekly testing and paid time off for quarantine if exposed to COVID-19. The plaintiff refused the accommodation offered by her employer and asserted testing would expose her to untested chemicals and possible carcinogens, an unsubstantiated health concern. The court in *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) determined Title VII does not preempt New York law because it does not bar employers from providing religious accommodation to the COVID-19 mandate in issue. Contrary to HFI's argument, *Broecker v. New York Dept. of Educ.*, 585 F.Supp.3d 299 (E.D.N.Y. Feb. 11, 2022) does not involve the lawfulness or validity of a COVID-19 vaccine mandate but only whether the NYC DOE Commissioner has the authority to terminate employees. *See id.* at 314-315. *O'Reilly v. The Bd. of Educ. of the City School Dist. of the City of New York*, 2022 WL 180957, (N.Y. Sup. Ct., N.Y. Cty. Jan. 20, 2022) is a slip opinion from the Supreme Court of New York examining the same NYC DOE mandate in *Broecker*. HFI's citation to *Cala v. Moorings Park Cmty. Health, Inc.*, 2:22-CV-635-JES-NPM, 2022 WL 17405581, at *5 (M.D. Fla. Dec. 2, 2022), is similarly misplaced. The district court in this unpublished decision determined while Defendant's termination of Plaintiff for failing to take the COVID-19 vaccine against her

14

prematurely rule on factual questions about HFI's motivation for demoting and terminating O'Neal, HFI ignores relevant Eleventh Circuit District Court caselaw that demonstrates HFI's adverse employment actions could be discriminatory. District courts in the Eleventh Circuit have determined an objection to the COVID-19 vaccine can be both sincere and religious. *See e.g., Seal v. Austin*, 599 F. Supp. 3d 1233 (M.D. Fla. 2022) (Because USMC Captain shows that his objection to receiving COVID-19 vaccination results from "an honest conviction" about the conduct that Islam permits and prohibits, USMC Captain demonstrates a sincere religious objection to receiving COVID-19 vaccination.); *Air Force Officer v. Austin*, 588 F. Supp. 3d 1338, 1345-46 (M.D. Ga. 2022) (As a devout Christian, Plaintiff sincerely believes that receiving a vaccine derived from or tested on aborted fetal tissue in its development would violate her conscience and is contrary to her faith and to inject her body "with a novel substance of unknown long-term effects" such as a COVID-19 vaccine would violate her belief that her "body is the temple of the Holy Spirit" forcing her to face the choice of complying with the Air Force's order to receive a COVID-19 vaccine or violating her religious beliefs.).

The parties have not engaged in formal discovery. The Court should deny all relief requested by HFI that would be more suited to a motion for summary judgment

---

religious beliefs might be improper and discriminatory, termination on such grounds did not support an action for the intentional infliction of emotional distress under Florida state law.

15

than a Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss. HFI's motion to dismiss should be denied.

### 4. The EEOC has not asserted a cause of action based on HFI's inquiry into O'Neal's religious beliefs.

HFI devotes an entire section of its Motion to an argument that HFI's inquiry into O'Neal's religious beliefs was lawful and "cannot be the basis of a claim." (Doc. 30, pp. 16-17). HFI's argument is inapposite as the EEOC is not contending that HFI's inquiries into O'Neal's religious beliefs were *per se* unlawful or asserting an independent cause of action relating to improper inquiries regarding an employee's religious beliefs. HFI's assertion that it asked for additional information explaining her religious beliefs (*Id.* at 17) directly contradicts assertions in the Amended Complaint and is beyond the scope of the present Motion.

## V. HFI IS NOT ENTITLED TO THE ALTERNATIVE RELIEF OF A MORE DEFINITE STATEMENT.

As set forth above, the EEOC pled clear factual allegations supporting its entitlement to relief. The Amended Complaint is neither vague nor unclear. There is no basis in law for requiring a more definite statement.

Additionally, HFI's motion for a more definite statement should be denied because of its failure to comply with Local Rule 7.1(B), which requires an attorney for the moving party to attempt in good faith to resolve the issue underlying a motion through a meaningful conference with an attorney for the adverse party. Because

HFI failed to make an attempt to confer with the Commission prior to filing its motion, the Court should deny HFI's motion for a more definite statement.

## VI. CONCLUSION

For the reasons set forth in this Opposition, HFI's Motion should be denied in its entirety, and the Court should order HFI to file an Answer to the Amended Complaint.

DATED: April 10, 2024.

    Respectfully submitted,

    */s/ Deborah A. Mann*
    DEBORAH A. MANN
    Trial Attorney
    (AL Bar No: ASB 1264G20C)
    (205) 651-7082
    deborah.mann@eeoc.gov

    Benjamin G. Cain
    Trial Attorney
    (DC Bar No: 1046636)
    (769) 487-6907
    benjamin.g.cain@eeoc.gov

    MARSHA L. RUCKER
    Regional Attorney
    (PA Bar No. 90041)
    (205) 651-7045
    marsha.rucker@eeoc.gov

    BRYAN GRAYSON
    Supervisory Trial Attorney
    (AL Bar No. ASB 8944N65G)
    (205) 651-7073
    bryan.grayson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone: (205) 651-7034
Facsimile: (205) 212-2041

### WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.1(F), undersigned counsel certifies the Commission's Memorandum in Opposition to HFI's Motion to Dismiss or For a More Definite Statement is 4,222 words.

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I filed the foregoing DOCUMENT with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to the following attorneys of record:

MICHAEL B. KELLY
Florida Bar No.: 115345
BARRY A. POSTMAN
Florida Bar No.: 991856
KAYLA N. RYAN
Florida Bar No.: 1047675
COLE, SCOTT & KISSANE, P.A.
890 South Palafox Street, Ste. 200
Pensacola, Florida 32502
(850) 483-5900
michael.kelly@csklegal.com
kayla.ryan@csklegal.com

barry.postman@csklegal.com
Attorneys for Defendant

                                                  /s/ *Deborah A. Mann*
                                                  Deborah A. Mann