UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                CASE NO. 3:23-cv-24533-MCR-HTC

HANK'S FURNITURE, INC.,

    Defendant.
_____/

## ORDER

Defendant Hank's Furniture, Inc. ("HFI") has filed a motion to dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Amended Complaint for failure to state a cause of action for religious discrimination under Fed. R. Civ. P. 12(b)(1), (6). ECF No. 30. In the alternative, HFI has moved for a more definite statement under Fed. R. Civ. P. 12(e). The EEOC has responded. ECF No. 31. For the below reasons, the Court concludes that HFI's Motion to Dismiss is due to be denied.

**I.**    **BACKGROUND**

Plaintiff EEOC filed its initial Complaint on September 19, 2023, pursuing an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against HFI. ECF No. 1. The EEOC alleged "HFI violated Title VII

by refusing to accommodate [HFI employee Kaitlyn] O'Neal's request for a religious exemption to the company's COVID-19 vaccine mandate and, as a result, discharged her for her failure to be vaccinated." *Id.* at 1.  However, there were no counts included in the initial Complaint.  On February 9, 2024, HFI moved to dismiss the initial Complaint and/or for a more definite statement.  ECF No. 23.  Following briefing, the Court granted HFI's motion without prejudice on March 1, 2024, because the initial Complaint was a shotgun pleading that failed to make "a short and plain statement of the claim."  ECF No. 27 at 2 (quoting Fed. R. Civ. P. 8).  On March 15, 2024, the EEOC filed a First Amended Complaint ("FAC").  ECF No. 28.

The FAC contains one cause of action for Failure to Accommodate Religion in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The EEOC alleges that HFI implemented a COVID-19 vaccination requirement for its managers in the summer of 2021.  FAC, ECF No. 28 at ¶¶ 14–16, 20.  It asserts O'Neal informed HFI in August 2021 that she "did not intend to be vaccinated against COVID-19 due to her sincerely held religious beliefs as an Evangelical Christian," "which conflicted with HFI's [] COVID-19 vaccine policy," and she sought a religious accommodation.  *Id.* ¶¶ 17, 20, 24.  It further alleges that "[a]s an Evangelical Christian who believes God sanctifies all life, O'Neal abstains from

using products that were developed using fetal cell lines from aborted fetuses," and she "sincerely believes that COVID-19 vaccine manufacturers developed their products using fetal cell lines obtained from aborted fetuses." *Id.* ¶ 18. Moreover, "[a]s an Evangelical Christian, O'Neal sincerely believes her body is the temple of the Holy Spirit and that taking products manufactured using aborted fetal cell lines into her body would defile it and would defile the bodies of her future children." *Id.* ¶ 19. The EEOC states that when "O'Neal submitted a written request for religious accommodation to HFI," she "quot[ed] multiple bible verses[] and list[ed] her sincerely held Evangelical Christian beliefs based on the sanctity of life and body which precluded her from being vaccinated against COVID-19." *Id.* ¶ 28.[1]

According to the FAC, on or around September 6, 2021, O'Neal asked HFI's Chief Financial Officer about the status of her written request for accommodation and was also demoted "due to her failure to be vaccinated against COVID-19." *Id.* ¶¶ 30, 34. Additionally, "[o]n at least one occasion, [O'Neal's manager] refused to provide O'Neal with her normal and customary share of open tickets,"[2] which

---

[1] Neither the EEOC nor HFI attach the written request for accommodation to their pleadings.

[2] According to the FAC, "[s]alespeople 'write-up' sales tickets when customers purchase furniture. After a sale, but before delivery, the ticket is an 'open ticket.' HFI salespeople earn a commission when the store closes a ticket after delivering the furniture." FAC, ECF No. 28 at ¶ 35 n.1.

CASE NO. 3:23cv24533-MCR-HTC

impacted her ability to earn commissions. *Id.* ¶ 35. On or about September 14, 2021, O'Neal met with her manager and direct supervisor, who informed O'Neal that she did not properly request an accommodation, that the request she submitted was "severely lacking," and management was denying her request. *Id.* ¶ 31. The FAC alleges that prior to termination, O'Neal sought help in submitting an acceptable religious exemption request but "HFI upper management refused to discuss accommodat[ion]." *Id.* ¶ 32. O'Neal was officially terminated on or about October 31, 2021, purportedly because she did not receive a COVID-19 vaccine. *Id.* ¶ 36.

HFI has now moved to dismiss the FAC and/or for a more definite statement under Fed. R. Civ. P. 12(b)(1), (6) and 12(e). ECF No. 30. The EEOC opposes. ECF No. 31.

## II.  APPLICABLE STANDARDS

A Rule 12(b)(6) motion[3] seeks dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court accepts the factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Mills v. Foremost*

---

[3] HFI's motion does not give any reason for a dismissal under Rule 12(b)(1) and, therefore, the Court does not address dismissal on this ground.

*Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008). Rule 12(b)(6) requires that the allegations of the complaint "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility requirement "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Where Rule 12(e) relief is warranted, the proper remedy is to require a repleader in order to set the proper boundaries for discovery. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014).

## III.   DISCUSSION

Title VII prohibits employers from discrimination against employees on the basis of religion. 42 U.S.C. § 2000e-2(a)(1). And, "an employer must accommodate religious beliefs unless it demonstrates that it 'is unable to reasonably accommodate

Page 6 of 17

an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Leitgeb v. Sark Wire Corp. - GA*, 2023 WL 5607882, at *3 (11th Cir. Aug. 30, 2023) (quoting 42 U.S.C. § 2000e(j)).

To prove its Title VII claim on the merits, the EEOC will need to establish that (1) O'Neal "held a sincere, bona fide religious belief that conflicted with an employment requirement"; (2) O'Neal informed HFI of the belief and conflict; and (3) O'Neal faced adverse employment action from HFI for failing to comply with the conflicting employment requirement. *Telfair v. Fed. Exp. Corp.*, 934 F. Supp. 2d 1368, 1381, 1383 (S.D. Fla. 2013), *aff'd*, 567 F. App'x 681 (11th Cir. 2014). "To qualify as a 'bona fide' religious belief, the belief must be 'sincerely held' and, 'in the [believer's] own scheme of things, religious.'" *Id.* at 1382 (quoting *United States v. Seeger*, 380 U.S. 163 (1965)). "The sincerity of an employee's religious belief is generally a question of fact reserved for the fact finder at trial." *Thomas v. Univ. of Miami*, 2022 WL 19300664, at *3 (S.D. Fla. Sept. 20, 2022) (citing *E.E.O.C. v. Union Independiente*, 279 F.3d 49, 56–57 (1st Cir. 2002)). For a failure-to-accommodate claim, once a *prima facie* case is established by the plaintiff, "the burden shifts to the employer to 'demonstrate that he is unable to reasonably accommodate an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Dixon v. The Hallmark*

*Companies, Inc.*, 627 F.3d 849, 855 (11th Cir. 2010) (quoting *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1321 (11th Cir. 2007)). Here, the Court must decide whether the EEOC has adequately pleaded its *prima facie* case. A complaint in an employment discrimination case "ha[s] to contain 'sufficient factual matter' to support a reasonable inference" of discrimination. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

HFI argues that the EEOC fails to state a claim because the FAC is "devoid of sufficient specific allegations linking each of [HFI's] personnel decisions to O'Neal's religion." ECF No. 30 at 9. First, HFI concludes that the EEOC fails to plead O'Neal's bona fide religious belief and does not provide "sufficient specifics at all as to how O'Neal's religion precluded her from being vaccinated other than stating she had sincerely held religious beliefs." *Id.* Second, HFI contends that an exemption "for O'Neal imposes an 'undue hardship' and safety concern on HFI" as a matter of law. *Id.* at 16. Finally, HFI maintains that because inquiring into O'Neal's sincerely held belief is lawful, "the allegations by [the EEOC] that HFI requested that O'Neal submit additional information explaining her religious beliefs and informing her that her accommodation request was 'severely lacking' cannot be the basis of a claim." *Id.* at 16–17.

### A. The EEOC sufficiently pleads a bona fide religious belief.

HFI contends that the FAC's allegation that O'Neal refused vaccination "because of her 'Christian beliefs,' without providing any further details other than her objection to the vaccine using 'fetal cell lines from aborted fetuses,'" is insufficient, particularly given the decision of some courts that an employer may require a COVID-19 vaccination for its employees as a condition of employment. ECF No. 30 at 9, 11–12. In other words, HFI argues that the EEOC fails to plausibly plead the first prong of its *prima facie* case, i.e., that O'Neal held a bona fide religious belief that conflicted with an employment requirement. The Court disagrees. O'Neal is described as an "Evangelical Christian who believes God sanctifies all life" and "her body is the temple of the Holy Spirit." FAC, ECF No. 28 at ¶¶ 18–19. The EEOC states that O'Neal "believes that COVID-19 vaccine manufacturers developed their products using fetal cell lines obtained from aborted fetuses." *Id.* ¶ 18. The EEOC further states that because of her belief as an Evangelical Christian in the sanctification of "all life, O'Neal abstains from using products that were developed using fetal cell lines from aborted fetuses." *Id.* It also alleges that O'Neal believes "taking products manufactured using aborted fetal cell lines into her body would defile it and would defile the bodies of her future children." *Id.* ¶ 19. The FAC indicates that O'Neal verbally conveyed these "religious beliefs"

to HFI.  *Id.* ¶¶ 17, 20, 23; *see also* ECF No. 30 at 8.  The EEOC claims that O'Neal submitted a written request for accommodation, in which she "quot[ed] multiple bible verses, and list[ed] her sincerely held Evangelical Christian beliefs based on the sanctity of life and body."  FAC, ECF No. 28 at ¶ 28.

These allegations are enough for the EEOC to clear the bar in pleading its singular Title VII claim.  In the Eleventh Circuit, when considering whether a plaintiff has sufficiently pled a sincere religious belief, a representation that one's "'religious beliefs include the belief' at issue . . . is all that is necessary to raise the possibility that [one's] belief is a religious one 'above the speculative level.'"  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1299 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555); *see also Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1247 (11th Cir. 2019) ("What constitutes a 'sincerely held belief' is not a probing inquiry.'"); *id.* at 1249 ("'stat[ing] that the belief is, in fact, your religious belief'" is "only one way" of pleading sincerity of belief (quoting *Watts*)).[4]  Here, the EEOC identifies O'Neal's religious beliefs as an Evangelical

---

[4] Notably, the majority opinion in *Watts* distinguished the Eleventh Circuit's evaluation of religious belief from the Third Circuit's in *Africa v. Pennsylvania*, 662 F.2d 1025 (3d Cir. 1981).  The *Africa* case and its progeny, like *Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*, 200 F. Supp. 3d 553 (E.D. Pa. 2016), *aff'd*, 877 F.3d 487 (3d Cir. 2017), are heavily cited by HFI in support of its contention that more is required in describing O'Neal's beliefs.  But these cases contain an analytical framework the Eleventh Circuit has not endorsed.  *Compare Watts*, 495 F.3d

CASE NO. 3:23cv24533-MCR-HTC

Christian and describes how they include conceptions of the body as a temple, that life is sanctified, and that life and body can be defiled through the use of products perceived as manufactured using fetal cell lines from aborted fetuses. FAC, ECF No. 28 at ¶¶ 11, 18, 19. According to the EEOC, those beliefs conflict with HFI's vaccine requirement given O'Neal's "belie[f] that COVID-19 vaccine manufacturers developed their products using fetal cell lines obtained from aborted fetuses." *Id.* ¶ 18.[5] Further, at this stage, the Court takes as true the allegation that O'Neal cited "multiple bible verses" in support of her "beliefs based on the sanctity of life and body" in her request for a religious accommodation. Based on these allegations in the FAC, HFI's motion to dismiss is due to be denied on this ground. *See Lewis v. Tegna, Inc.*, 2024 WL 1604073, at *5 (M.D. Fla. Apr. 12, 2024) (where "Plaintiff alleges a religious objection to the [COVID-19] vaccine, which Defendants required him to receive as a condition of employment," that puts "Defendants on notice of their alleged conduct and, combined with Plaintiff's claim

---

at 1298–99 (Carnes, J., majority) *with id.* at 1304 (Tjoflat, J., dissenting). This Court is bound by *Watts*.

[5] At the pleading stage, the Court declines to evaluate whether manufacturers did or did not utilize fetal cell lines obtained from aborted fetuses, as this has no impact on the motion to dismiss analysis here. *See Keene v. City & Cnty. of San Francisco*, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (concluding "district court erroneously held that Appellants had not asserted sincere religious beliefs because their beliefs were not scientifically accurate" with regard to COVID-19 vaccines and fetal cell lines).

CASE NO. 3:23cv24533-MCR-HTC

Page 11 of 17

that he was terminated because of his religion, raises the right to relief above a speculative level").[6]

HFI's assertion that the FAC should be dismissed because courts have found that "vaccination against COVID-19 is a proper condition of employment" is of no moment. *See* ECF No. 11–13. This case is not about the legalities of such conditions of employment writ large; the cause of action pertains to a failure to accommodate

---

[6] While cases addressing religious objections to COVID-19 vaccination based on the use of fetal stem cells in vaccine development have resulted in a variety of outcomes outside of the Eleventh Circuit, *see Gage v. Clinic*, 2023 WL 8715519, at *4 (D. Ariz. Dec. 18, 2023), several courts have found allegations similar to the ones under consideration here sufficient to survive a motion to dismiss. *See Miller v. Charleston Area Med. Ctr.*, 2023 WL 7549365, at *4 (S.D.W. Va. Nov. 14, 2023) (plaintiff sufficiently pleaded claim where he stated he is a member of the United Methodist Church and "'holds religious objections to the use of aborted fetal cells in the production of all COVID-19 vaccines'"); *Kather v. Asante Health Sys.*, 2023 WL 4865533, at *4 (D. Or. July 28, 2023) (A plaintiff sufficiently alleged religious belief conflicting with receiving vaccine where he, *inter alia*, "cites opposition to injecting into his body anything that 'originates from fetal cell lines.'"); *Collins v. Tyson Foods, Inc.*, 665 F. Supp. 3d 845, 856 (W.D. Ky. 2023) (Plaintiff sufficiently pleaded factual allegations where he "alleges that due to his Christian beliefs, he would not receive a COVID-19 vaccination because 'all COVID-19 vaccines have made use either in production or testing of fetal cell lines developed from tissues derived from aborted fetuses.'"); *Corrales v. Montefiore Med. Ctr.*, 2023 WL 2711415, at *3, *5 (S.D.N.Y. Mar. 30, 2023) (while motion to dismiss granted on other reasoning, religiosity allegations sufficient where plaintiff's "Christian faith does not allow 'defilement' and [] the 'uncleanness involved in the manufacturing' of the vaccines would cause her to 'defile' herself"); *Gage*, 2023 WL 8715519, at *4 ("Plaintiff has alleged a 'bona fide' religious belief which is sufficient to overcome a 12(b)(6) motion to dismiss" where she described self as Christian who "believes that her body is a temple for the Holy Spirit and that the 'immoral and unethical' use of fetal stem cells in development of the COVID-19 vaccine renders the vaccines 'unrighteous for [Plaintiff] to put in [her] body.'" (alteration in original)); *see also Keene*, 2023 WL 3451687, at *2 ("[A]n assertion of a sincere religious belief is generally accepted" under Title VII.); *cf. Shigley v. Tydings & Rosenberg LLP*, 2024 WL 1156613, at *5 (D. Md. Mar. 18, 2024) (noting line of cases where "religious discrimination claims related to opposition to the vaccine requirement were viable" where "the plaintiffs in those cases at a minimum explained what religion they adhered to or how their religious beliefs informed their opposition to the vaccines").

CASE NO. 3:23cv24533-MCR-HTC

O'Neal's religious belief. Regardless, HFI seems to intimate that because COVID-19 vaccine mandates may be a proper condition of employment that either a plaintiff's claim must fail or face a heightened pleading standard requiring "[the EEOC] to provide even further details into O'Neal's religious beliefs." ECF No. 30 at 12–13. No such rule or heightened standard is cited by HFI, and the EEOC represents that there is no basis in law for this argument. *See* ECF No. 31 at 13–15 & n.6 ("Title VII fails to carve out a religious discrimination exception for the COVID-19 vaccine as HFI argues."). And the Court is unable to find one. Accordingly, this is no basis for dismissal.

Finally, HFI argues that O'Neal's request for accommodation stems from "perceived medical harm," or "social, political, or economic views, or personal preferences"—not religious beliefs. ECF No. 30 at 10 (italics removed); *see also id.* at 16. However, the Court does not see that O'Neal articulated non-religious reasons for her accommodation (e.g., she does not wish to get the vaccine to avoid a perceived cancer risk). Additionally, the Court is unpersuaded that O'Neal's descriptions of religious beliefs regarding fetal cell lines, her body as a temple, and the sanctity of life are insufficient overall to plausibly allege a sincerely held religious belief under the standard in *Watts*. The Court declines to dismiss on this reasoning, too.

**B. Undue hardship defense does not warrant dismissal at pleading stage.**

HFI next argues that exempting O'Neal from the vaccination requirement would present undue hardship to HFI as a matter of law. When a plaintiff states a *prima facie* case of religious discrimination, "the burden shifts to the employer to 'demonstrate that he is unable to reasonably accommodate an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Dixon*, 627 F.3d at 855. Undue hardship is an affirmative defense for a defendant to plead and prove. *Thomas*, 2022 WL 19300664, at *4 (quoting *Willis v. Conopco, Inc.*, 108 F.3d 282, 286 (11th Cir. 1997)). Thus, a "Plaintiff is not required to negate Defendants' undue hardship affirmative defense to establish a prima facie case of discrimination." *Id*.

Nevertheless, some courts have granted motions to dismiss based on undue hardship even though the burden rests on defendant(s). For example, a New York court found undue hardship on a health care employer as a matter of law where the defendant would be required to accommodate a plaintiff in a manner that required the employer to violate the law. *Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, 2023 WL 3628151, at *5–6 (S.D.N.Y. May 5, 2023), *report and recommendation adopted sub nom. Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, 2023 WL 3626435 (S.D.N.Y. May 24, 2023). Likewise, another noted that undue hardship

existed where the employer health care facility was "certain to violate state requirements" with a COVID-19 vaccine exemption, and "the presence of unvaccinated nurses in a nursing home 'would expose vulnerable patients and nursing home residents, as well as other healthcare workers, to the COVID-19 virus.'" *Shane v. Bio-Techne Corp.*, 2023 WL 3936638, at *5–6 (D. Minn. June 9, 2023) (discussing *Does 1-2 v. Hochul*, 2022 WL 4637843, at *15–16 (E.D.N.Y. Sept. 30, 2022)).

Here, HFI argues that exempting O'Neal from the vaccination requirement would be unreasonable as a matter of law because it would put O'Neal's co-workers at risk of contracting COVID-19. ECF No. 30 at 15. The Court agrees with the EEOC that this conclusion raises issues of fact that are inappropriate for disposition on a motion to dismiss in this case. *Cf. Thomas*, 2022 WL 19300664, at *4 (declining to dismiss case on undue hardship defense relating to mask mandate). HFI does not demonstrate that it would be required to violate the law by accommodating O'Neal, nor is the Court aware of "exposure risks like those in a nursing home or licensed health facility" in O'Neal's work environment. *See Shane*, 2023 WL 3936638, at *6. While safety concerns may be a part of the undue hardship analysis, these concerns are more properly raised and addressed on a fully developed record.

### C. Allegations regarding the submission of additional information for an accommodation determination do not warrant dismissal.

Finally, HFI argues that "allegations by [the EEOC] that HFI requested that O'Neal submit additional information explaining her religious beliefs and informing her that her accommodation request was 'severely lacking' cannot be the basis of a claim," because an employer may inquire into whether a belief is religious in nature. ECF No. 30 at 16–17.  This is a strawman.  The cause of action as articulated in the FAC is not centered on HFI wrongfully inquiring into the nature of O'Neal's religious beliefs; indeed, as the EEOC points out in its Opposition brief, O'Neal sought to provide *more* information to HFI in order to convey her religious beliefs. *See* ECF No. 31 at 16.  The Court declines to dismiss on this ground, too.

### D. HFI's request for a more definite statement is denied.

In the alternative, HFI moves for a more definite statement under Rule 12(e) to address the same perceived deficiencies in the FAC.  Motions under 12(e) "attack[] unintelligibility in a pleading, not simply mere lack of detail." *Hurtado v. N. Fla. Health Care Assocs., LLC*, 2010 WL 5055939, at *2 (N.D. Fla. Dec. 6, 2010) (quoting *Davison v. Santa Barbara High School District*, 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998)).  A motion for a more definite statement should only be granted if "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous

that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Because the gravamen of HFI's motion for more definite statement is that more factual detail is needed from the EEOC (not that the FAC as a whole is vague and confusing), the motion for more definite statement is denied.

Moreover, HFI failed to certify compliance with this Court's Local Rule 7.1(B), which requires that an attorney conference be held before a party makes a motion on an issue.  These conferences are not required for "a motion that would determine the outcome of a case or a claim, for a motion for leave to proceed *in forma pauperis*, or for a motion that properly may be submitted *ex parte*."  Local Rule 7.1(D).  As a motion for more definite statement would not fall into one of the three exceptions to the attorney conference requirement, and the EEOC has confirmed that HFI failed to confer before filing its motion (ECF No. 31 at 16–17), the Court finds that HFI's 12(e) motion could separately be denied on that ground, too.

## IV.   CONCLUSION

Assuming all factual allegations of the FAC to be true and construing all reasonable inferences in the light most favorable to the EEOC, Defendant HFI's Motion to Dismiss or for a More Definite Statement (ECF No. 30) is **DENIED**.

CASE NO. 3:23cv24533-MCR-HTC

HFI's responsive pleading to the FAC is due **fourteen (14)** days after the date of this Order.  Fed. R. Civ. P. 12(a)(4)(A).

**DONE AND ORDERED** this 14th day of May, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:23cv24533-MCR-HTC