IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:23-cv-24533-MCR-HTC |
| HANK'S FURNITURE, INC., ) | |
| ) | |
| Defendant. ) | |

# CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit against Defendant Hank's Furniture, Inc. ("HFI") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the EEOC alleges HFI violated Title VII by refusing to accommodate Katelyn M. O'Neal's ("O'Neal") request for a religious exemption to the company's COVID-19 vaccine mandate and discharged her for her failure to be vaccinated.

HFI denies all liability. Nothing stated in this Consent Decree ("Decree") constitutes an admission, actual or implied, and nothing contained in this Decree shall provide evidence of an admission of unlawful conduct under Title VII, nor should it be construed as such.

1

## RECITALS

I. In the interest of resolving this matter, and avoiding the expense of further litigation, EEOC and HFI ("Parties") have agreed this action shall be finally resolved by entry of this Decree. The Parties agree that the terms of this Decree are adequate, fair, and reasonable.

II. The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Decree and enforce it as to the Parties.

III. The Parties agree to entry of this Decree without trial or further adjudication of the claims made by the EEOC in this lawsuit and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and a jury trial.

IV. The Parties agree this Decree is final and binding upon HFI and its agents, officers, employees, servants, successors, and assigns.

V. The Parties agree that when this Decree requires HFI to send documents, reports, information, and items to the EEOC, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, marsha.rucker@eeoc.gov.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## **FORCE AND EFFECT**

1. The EEOC and HFI willingly enter into this Decree in order to resolve all issues between them in the EEOC's Complaint in Civil Action No. 3:23-cv-24533-MCR-HTC.

2. This Decree shall be final and binding between the EEOC and HFI.

3. This Decree shall be filed in the United States District Court for the Northern District of Florida, Pensacola Division, and shall be in effect for a period of three (3) years from the date of entry of this Decree by the Court.

4. This Decree binds all stores operated by HFI throughout the United States.

5. Any modification of this Decree by any Party shall be made by motion to the Court.

6. The Court shall retain jurisdiction over this case to enforce the terms of this Decree.

7. Nothing in this Decree, either by inclusion or exclusion, shall be construed to limit the obligations of HFI under Title VII.

8. Nothing in this Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against HFI.

## MONETARY RELIEF

9. HFI shall pay monetary relief in the total gross amount of ONE HUNDRED TEN THOUSAND DOLLARS AND 00/100 CENTS (**$110,000**). HFI will provide Katelyn O'Neal ("O'Neal) with an IRS W-2 Form and an IRS Form 1099 for these respective amounts.

    a) One check payable to O'Neal for lost wage damages in the amount of $88,000 for loss of wages, with all of this amount being subject to applicable withholding taxes.

    b) One check payable to O'Neal in the amount of $22,000 for compensatory damages for which O'Neal shall provide a form W-9.

10. Within thirty (30) days following entry of this Decree, HFI shall issue payment of the monetary relief described in Paragraph No. 9 to O'Neal by mailing separate checks for each allocated amount payable to O'Neal using the address provided by the EEOC. Concurrently, HFI will submit copies of the checks and related correspondence to the EEOC including electronically submitting copies of all such checks and correspondence to the following email address: marsha.rucker@eeoc.gov.

11. These amounts payable pursuant to Paragraph No. 9 above shall be paid in full settlement of the claims against HFI that were the basis of the Charge of Discrimination filed by O'Neal (charge number 425-2022-00188) and the

EEOC's Complaint (case number 3:23-cv-24533-MCR-HTC in the Northern District of Florida, Pensacola Division) and constitute full settlement of all claims made by the EEOC in its Complaint on behalf of O'Neal.

12. In the event HFI receives any request for information, whether verbal or written, from a potential employer, prospective employer, or other person or entity seeking references or information about O'Neal, HFI shall inform such person or entity that its policy and practice is to provide only the dates of an individual's employment and the position held by that individual. Notwithstanding the foregoing, nothing in this Decree shall be construed as prohibiting HFI from responding to or otherwise complying with a lawful court order issued after HFI's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be, subject to this Decree.

## GENERAL INJUNCTIVE RELIEF

13. HFI will reasonably accommodate employee and prospective employee religious beliefs during all hiring, discipline, and promotion activities as well as when engaging in any activity affecting any other terms and conditions of employment according to the requirements of Title VII.

14. HFI is permanently enjoined from discriminating against any employee on the basis of religion in violation of Title VII.

5

15. HFI is permanently enjoined from retaliating against employees or applicants because of opposition to any practice declared unlawful under Title VII or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceeding or hearing under Title VII.

16. HFI is permanently enjoined from requiring proof that an employee's or applicant's religious objection to an employer requirement be an official tenet or endorsed teaching of any religion or denomination, or concluding that a religious belief, practice, or observance is not sincerely held simply because HFI deems the belief, practice, or observance inaccurate, unfounded, severely lacking or not sufficient.

17. If HFI re-institutes a mandatory vaccination policy requiring COVID-19 vaccination or vaccination against any other infectious disease, it shall give reasonable written notice to any employee subject to the vaccination policy or requirement. The written notice shall state that employees may request religious exemptions for sincerely held religious beliefs, practices, and observances that conflict with the vaccination policy or requirement and describe a reasonable procedure for requesting religious accommodation. HFI's procedure should include at a minimum: (a) at least 20 days to submit an accommodation request, (b) the name and contact information for the

person(s) accepting requests, (c) the form of the request, e.g. email or paper form provided by HFI, (d) a simple statement that instructs accommodation requestors to identify the HFI policy or requirement that conflicts with their sincerely held religious belief and propose an accommodation that would resolve the conflict, (e) a simple explanation of HFI's process for reviewing accommodation requests, including HFI's process for determining whether a requested accommodation might present an undue burden to HFI and (f) HFI's written commitment to engage in the interactive process with the person seeking an accommodation to jointly find reasonable solutions for accommodating sincerely held religious beliefs.

## **WORKPLACE POLICY ENHANCEMENTS**

18. Within thirty (30) days following the entry of this Decree, HFI will adopt, disseminate, implement, and maintain a written policy to all employees noting it will not require any employee to violate sincerely held religious beliefs, including those pertaining to vaccinations, as a condition of his/her employment if (a) an employment requirement conflicts with the employee's sincerely held religious belief, practice or observance, (b) the employee has informally or formally requested exemption either verbally or in writing from such employment requirement on religious grounds, which religious grounds are to be construed broadly as defined by EEOC guidance, and (c) exemption

from the employer's requirement does not impose an undue hardship on the conduct of HFI's business.

19. Within ninety (90) days following the entry of this Decree, HFI shall review its policies against discrimination and harassment and revise them, if necessary, so that such policies include, at a minimum, the following:

   a. a statement describing procedures for requesting accommodation of sincerely held religious beliefs which shall be provided to all employees as part of their employee orientations and scheduled trainings at all of HFI's facilities and locations;

   b. a statement that requires and provides a system for ensuring the dissemination of HFI's discrimination, harassment, and retaliation policies, this Decree, and the policies and procedures generated by this Decree to all HFI's employees;

   c. a statement assuring employees and prospective employees that HFI desires to accommodate sincerely held religious beliefs and will engage in an interactive process when notified that an HFI requirement conflicts with an employee's or prospective employee's sincerely held religious belief.

20. Within sixty (60) days of the entry of this Decree, HFI shall post a copy of the policies and procedures provided for in this section in prominent locations frequented by employees at all HFI locations. A copy of these policies and

procedures shall be provided to each new employee within five (5) days of their hire with HFI.

21. HFI shall mail a copy of all policies and procedures created pursuant to this Decree to the EEOC within fourteen (14) days of their issuance.

## TRAINING

22. Within sixty (60) days of the effective date of this Agreement, HFI shall develop a training program, and shall conduct an initial mandatory EEO training, for (i) non-supervisory employees, (ii) supervisory and management employees, (iii) human resource employees, and (iv) owner(s) who are employed at or engaged in the operation of HFI's Pensacola, Florida store. This training program also shall be conducted for all (i) supervisory and management employees, and (ii) owner(s) who are employed at or involved in the operation or supervision of any of HFI's stores.

23. This program shall address all aspects of discrimination and should specifically include training about religious discrimination and accommodation in the workplace. The program shall include a plan to ensure that all employees who are required to receive training shall in fact receive the training. This mandatory training will, at a minimum, (i) occur once every year for the duration of this Decree; and (ii) be in person or require employee participation (interactive training) and will include materials prepared by

9

trainers experienced in the subject matter who shall educate the attendees about addressing and avoiding problems arising from discrimination, with an emphasis on religious discrimination, in the workplace.

24. The purpose of the training shall be to give the participants a thorough understanding of discrimination and harassment issues, including but not limited to, theories of liability under Title VII, sources of legal protection for victims of discrimination and a review of company policies that prohibit discrimination, harassment, or retaliation. In addition, for the training provided to owners, supervisors, managers, and human resource personnel, the training shall include (a) a detailed description of the specific responsibilities of HFI's supervisory, managerial, and human resource personnel when they witness or learn of discrimination, harassment, or retaliation or receive a complaint or inquiry regarding discrimination, harassment, or retaliation; and (b) a detailed description of the consequences for HFI's supervisory, managerial, and human resources personnel who fail to fulfill their responsibilities when they witness or learn of discrimination, harassment, or retaliation, or learn of a report or complaint regarding discrimination, harassment, or retaliation.

25. HFI shall create an attendance registry for each training and shall instruct its employees to sign the attendance registry after they complete the entire

training. HFI shall retain all attendance registries for the duration of this Decree.

26. During the term of this Decree, at least seven (7) days before each training, HFI shall submit its training materials to the EEOC. HFI shall submit any other training materials for training included with the mandatory training and copies of attendance registries to the EEOC within fourteen (14) days of each training to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, marsha.rucker@eeoc.gov.. The EEOC's acceptance or review of these materials shall not constitute approval of the materials. The EEOC may retain these materials for compliance purposes.

27. During the term of this Decree, except for orientation of new employees or newly promoted employees, HFI will provide the EEOC with 14 days' notice of the date, time, and location of scheduled trainings sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, marsha.rucker@eeoc.gov.

28. No later than 14 days after completion of each training, HFI will provide the EEOC with certification that all individuals referenced in Paragraph No. 22

above, have received the necessary training or it will provide an appropriate explanation for any deficiency. Certification shall include the name and position title of employees trained, and the name, position, and title of employees not trained with the date on which the employee shall be trained. Any person who does not attend any required training despite being presently employed by HFI shall be trained within thirty (30) days after the originally scheduled training.

29. HFI shall conclude all trainings with a minimum of ten (10) minutes for questions and answers.

30. For each training, HFI shall use a trainer with knowledge and expertise in the provisions of Title VII and the prevention of discrimination, harassment, and retaliation.

## POSTING OF NOTICE

31. Within thirty (30) days of the entry of this Decree, HFI shall post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Decree on all locations usually used by HFI at its facilities for announcements and notices. This sign shall remain posted throughout the term of this Decree.

## SUCCESSOR NOTIFICATION

32. For the duration of this Decree, prior to the full or partial sale or transfer of HFI ownership rights or interests, HFI shall provide written notice of this

Decree and its contents to any potential purchaser or transferee. HFI shall send the EEOC a copy of the written notice at the same time it sends the written notice to the potential purchaser or transferee.

33. For the duration of this Decree, HFI shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires HFI and any other corporation or other entity into which HFI may merge. HFI shall send the EEOC a copy of the written notice at the same time it sends the written notice to the successor entity.

## DISPUTE RESOLUTION

34. If, during the duration of this Decree, the EEOC believes that HFI has failed to comply with any provision of this Decree, the EEOC shall notify [HFI /or its counsel of the alleged non-compliance and shall afford HFI thirty (30) days thereafter to remedy the non-compliance or to satisfy the EEOC that the alleged non-compliance is not well founded. If HFI has not remedied or otherwise addressed the alleged non-compliance to the satisfaction of the EEOC that it has complied within thirty (30) days, the EEOC may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

35. The Parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Decree.

## DURATION AND TERMINATION

36. This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds HFI to be in violation of the material terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

37. The EEOC may be required to report this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code, allowing certain employer payments to be deducted from that employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

38. HFI's EIN number is 71-0479121. If the EEOC is required to issue a 1098-F, the EEOC shall mail a copy of the Form 1098-F to Cole, Scott & Kissane P.A., Attn: Michael Kelly, Esq., 890 South Palafox Street Ste. 200, Pensacola, FL 32502

39. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

40. The EEOC's provision of Form 1098-F does not mean the requirements to claim a deduction under the Internal Revenue Code have been met.

14

41. Any decision about a deduction pursuant to the Internal Revenue Code belongs to the IRS solely and HFI understands that EEOC will not provide any input to IRS regarding that decision.

42. HFI acknowledges that it is not relying on any EEOC representations regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code and that they have consulted with legal counsel of their choice regarding all issues relating to tax consequences of anything in this Consent Decree.

SO ORDERED, ADJUDGED, and DECREED this 18th day of July, 2024.

\_\_\_\_\_*M. Casey Rodgers*_____
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

Date:

_[signature]_  
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT HFI

Adam Jordan
(Printed Name)

Date:

_Michael Kelly_
ATTORNEY FOR DEFENDANT HFI

Michael B. Kelly
(Printed Name)

Date:   7/5/2024

_[signature]_
MARSHA RUCKER
REGIONAL ATTORNEY

Marsha L. Rucker
(Printed Name)

**U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 651-7045

## **EXHIBIT A – NOTICE TO ALL EMPLOYEES**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Hank's Furniture, Inc.* filed in the United States District Court for the Northern District of Florida, Civil Action No. 3:23-cv-24533-MCR-HTC.

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against or harassment of any employee due to race, age, sex, color, religion, or national origin, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, participated in an employment discrimination investigation or lawsuit, or opposed discrimination in any way.

We wish to emphasize that it is Hank's Furniture, Inc.'s policy to provide equal opportunity in all areas of employment practices. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace so we can thoroughly investigate all allegations of discrimination with appropriate sanctions taken against any person(s) found to have engaged in inappropriate conduct.

If you believe you have been discriminated against, harassed, or subjected to retaliation or have been a witness to discrimination, harassment, or retaliation, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for the term of four years and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to:

Regional Attorney
EEOC Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205